In re ESTATE OF AOFAGA SALANOA

FUAILELA AOFAGA SALANOA, Petitioner

High Court of American Samoa
Trial Division

PR No. 26-86

July 18, 1988

Before REES, Chief Justice, AFUOLA, Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Petitioner, Asaua Fuimaono

In 1986 the Court granted petitioner's request for authority to receive funds belonging to her deceased husband, to pay debts and funeral expenses, and to "distribute the balance if any, to the person or persons entitled thereto pursuant to law." Such a transfer is authorized by territorial law when a decedent left property in an amount less than $10,000. A.S.C.A. §§ 40.0334 et seq. The Court granted the petition on two conditions: that the share of the estate to which each minor child was entitled be put in to a trust account for that child, and that the Court be notified of petitioner's compliance with its order. When over a year had gone by and the Court had received no notice of petitioner's compliance, it ordered the petitioner to report on the disposition of the estate.

In her response and her testimony at a subsequent hearing, petitioner testified as follows:

1) She received $9,583 from the government in compensation for certain claims the decedent had made.

2) Two of the decedent's six children were minors.

27

3) Petitioner did not comply with the Court's order to open trust accounts for the two minor children.

4) She paid $2800 to South Pacific Airways "to pay off air fair loans to SPIA of my children and me to bring my deceased husband to the states." She spent approximately $4,583 on a pickup truck. She paid her attorney $500. She paid about $2000 for funeral expenses. She also paid $500 to each of the four adult children and $200 to each of the two minor children.

5) The Court notes that these numbers add up to $12,283. This is $2700 more than petitioner admits receiving and $2,283 more than she is permitted to receive under A.S.C.A. §§ 40.0334 et seq. without a formal administration of the estate. The discrepancy may have been resolved by petitioner's testimony at the hearing, which gives the impression that she may have been wrong in her earlier report to the Court that she distributed $2400 to the six children. This $2400 appears to have been part of the $4500 or so that was spent on the pickup truck.

6) No mention was made of the funds in decedent's savings account, Bank of Hawaii account # 6034-716623, which petitioner had sought and been given authority to receive and transfer to the heirs.

In order to remedy her failure to comply with the Court's original order, petitioner must transfer an amount equal to the total amount in the estate, minus legitimate expenses, to those entitled to it by law. We find these expenses to include the $2000 for funeral expenses and the $500 attorney fee. On the present record it appears that the $2800 paid to SPIA may have included more than just the charges for transportation of decedent's body from California to Samoa; only $1000 of this amount will be allowed unless petitioner submits to the Court within 30 days an itemized receipt or other documentation showing a larger expenditure on this item.

This leaves $6083 (that is, $9583 minus $3500) as the amount that should have been distributed to the heirs. Petitioner herself as the surviving spouse is entitled to 1/3 of that amount, or

28

$2027.67. See A.S.C.A. § 40.0103. The remaining $4055.33 should have been distributed equally among the six children. Each child should have received $675.88. If this amount had been placed in a trust account by January of 1987, each child's share would now be worth $727.42 including accrued interest at five per cent.

The Court need not concern itself at this time with petitioner's obligation to the adult children, who are legally competent to decide whether and how to seek payment of this obligation. This Court must insist, however, that petitioner comply with the original order that a trust account be established for each minor child.

Petitioner is therefore ordered to do as follows:

1) Submit to the Court no later than thirty days from the date of this order any documentation of expenses for the transportation of the decedent's body, unless she accepts the Court's estimate of $1000;

2) Submit to the Court a report on the status of the decedent's savings account and of any funds that have been withdrawn from the account;

3) Pay to the Clerk of the High Court the amount of $100 on or before August 31, 1988, and on or before the last day of each month thereafter. The Clerk will deposit these funds into trust accounts for each of the two minor children. Petitioner's obligation to make monthly payments will cease when she has paid the amount she was originally ordered to hold in trust for the two children, plus accrued interest at five per cent. Depending on the information petitioner provides the Court in connection with items (1) and (2) of this order, her payments should continue for a year or slightly longer. The Clerk will provide petitioner with a report on the status of the accounts every six months.

It is so ordered.